IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MARTHA GRACZYK,<br><br>Plaintiff,<br><br>vs.<br><br>WEIDER NUTRITION GROUP, INC.,<br><br>Defendant. | **MEMORANDUM DECISION<br>AND ORDER**<br><br>Case No: 2:04 CV 1065 DAK<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge David Nuffer |

    This is an employment discrimination action in which Plaintiff alleges that Defendant Weider discriminated and retaliated against her because of her gender and national origin. Plaintiff was employed by Defendant Weider from July 1997[1] through March 10, 2003.[2]

    Plaintiff has moved:[3]

    a.    to compel production of entire personnel files of certain individuals employed by Defendant;

    b.    for modification of the Protective Order on file in this case;

    c.    to be permitted to take additional depositions; and

    d.    for an order permitting introduction of evidence beyond the 300 day statute of limitations.

---

[1] Memorandum on Motion to Compel Discovery, Conduct Additional Depositions, Limit a Protective Order and Motion in Limine (Supporting Memorandum) at 2, docket no. 43, filed October 20, 2005.

[2] Supporting Memorandum at 67-68.

[3] Motion to Compel Discovery, Conduct Additional Depositions, Limit a Protective Order and Motion in Limine, docket no. 42, filed October 20, 2005.

Plaintiff had moved to compel a 30(b)(6) designation from Defendant, but this issue was resolved during the briefing.[4]

## Production of Entire Personnel Files

Plaintiff asks for access to the entire personnel files of twenty named individuals[5] and all persons which Weider will call as witnesses.[6] Weider claims it "has already produced all non-privileged documents from the personnel files of the individuals identified . . . that relate to any claims of sexual harassment, discrimination, and/or retaliation during the period of time Plaintiff was employed by Weider."[7] Weider expresses concern about making certain information available.[8] Plaintiff, however, seeks access to the entire files for more contact information, for several reasons.

> She claims much of the contact information provided for many of the individuals is stale,[9] and this would be a good reason to allow further access.

---

[4] Reply Memorandum on Motion to Compel Discovery, Conduct Additional Depositions, Limit a Protective Order and Motion in Limine (Reply Memorandum) at 8, docket no. 59, filed December 19, 2005.

[5] The list of names for whom files are requested is not discussed in the parties' memoranda, and neither party has provided a list of persons already deposed. Therefore, there may be some incongruity between the list of personnel files, the list of depositions taken and the additional depositions permitted under this Order.

[6] Request for Production No. 9, quoted in Supporting Memorandum at 69.

[7] Memorandum in Opposition Motion to Compel Discovery, Conduct Additional Depositions, Limit a Protective Order and Motion in Limine (Memorandum in Opposition) at 5, docket no. 52, filed November 30, 2005 (citing letter from Justin B. Palmer to Loren Lambert, dated September 23, 2005, at 4, attached to Memorandum in Opposition as Exhibit A).

[8] Memorandum in Opposition at 5.

[9] Supporting Memorandum at 70-71; Reply Memorandum at 2.

Plaintiff points to alleged instances of Weider's suppression of evidence or testimony[10] and suggests Weider's self-managed sifting of the files may not be true.[11] Again, this is a factor favoring counsel's direct review of the files.

Plaintiff also claims that since her entire personnel file and those of other witnesses were reviewed by Weider's 30(b)(6) witness, she is entitled to review all the files of all potential witnesses.[12] It is not necessarily true that "equal access"[13] must be granted, but this is a factor worthy of consideration.

Plaintiff claims that information on absences and late arrivals is pertinent to verify that a person could or could not be a percipient witness of a critical event.[14]

Plaintiff claims that files may have information about a person's duties and positions which would help identify individuals as having management level authority and responsibility,[15] very pertinent in a case such as this. Also, wage information may shed light on level of authority or bias.[16]

In consideration of these justifications, Plaintiff's counsel should have the ability to review the personnel files for the indicated individuals for the time period February 1997 to March 2003, and make copies of selected documents which Weider may designate for protection under the Protective Order. If Weider objects to providing any requested copies, the copies in dispute shall be delivered to the magistrate judge for in camera review, with a joint submission

---

[10]Reply Memorandum at 2-4.

[11]*Id.* at 8.

[12]*Id.* at 3-5.

[13]Supporting Memorandum at 73.

[14]*Id.* at 72.

[15]*Id.* at 72-73.

[16]*Id.* at 72.

separately stating *as to each document* Plaintiff's justification for the request and Weider's objection.

## Modification of Protective Order

The parties stipulated to a Protective Order on September 2005.[17] The Protective Order provides for two levels of protection:

> Confidential Material accessible to attorneys and staff, judges and staff, expert witnesses identified ten days before materials are provided, and parties and their representatives who need to know.[18]
>
> Attorneys Eyes Only materials which are available only to attorneys and staff, judges and staff, and expert witnesses identified ten days before materials are provided.[19]

A party challenging a designation or restriction may seek agreement from the designating party, or relief from the court.[20]

Plaintiff argues that the Stipulated Protective Order should be modified in three ways:

a. "[T]he Order should be modified to state that documents marked Confidential" can be used in depositions with any person that is the author, custodian, recipient, or subject of the document";[21]

b. The Order "should state that **only** contact information will not be shared with third parties including the plaintiff in documents marked 'Attorneys Eyes Only'"[22]; and

---

[17]Docket no. 28, filed September 19, 2005.

[18]*Id.* ¶ 3.

[19]*Id.* ¶ 4.

[20]*Id.* ¶ 6.

[21]Supporting Memorandum at 74.  Plaintiff also argues, but apparently does not move, that the Protective Order should allow access to persons "aware of" protected documents.  *Id.*

[22]*Id.*

      c.      The Order "needs to state that if there is a challenge of a designation, the party claiming the protection has the burden of showing protection is warranted."[23]

### Broadening Accessibility Generally

Weider has agreed that "a document marked 'Confidential' may . . . be disclosed to the author, custodian, or recipient of the document if the individual agrees to abide by the terms of the Protective Order," provided that if "such a document [is used] in a deposition, that portion of the deposition must be designated 'Confidential.'"[24] This modification should also extend to Attorneys Eyes Only information.

Weider does not agree that documents should be accessible by persons who are "subject" of them, without specific demonstration that such disclosure is necessary.[25] Plaintiff has the burden of justifying this modification. "[W]here a party to stipulated protective order seeks to modify that protective order, that party must demonstrate particular good cause in order to gain relief from the agreed to protective order."[26] Plaintiff has not shown that this latter modification is required.

### Allowing Plaintiff Access to "Attorneys Eyes Only" Information

Plaintiff also seeks access to information designated "Attorneys Eyes Only." The only argument offered is that "plaintiff needs to go over the contents of any such documents to prepare

---

[23]*Id.*

[24]Letter, September 23, 2005, cited in Memorandum in Opposition at 11 and attached thereto as Exhibit A.

[25]Memorandum in Opposition at 11.

[26]*Jochims v. Isuzu Motors, Ltd.*, 145 F.R.D. 499, 501 (S.D. Iowa 1992).

for her case and to identify potential witnesses."[27]  Plaintiff suggests that "location information" is the real area of concern.[28]

This modification would almost entirely remove the distinctions between the Confidential and Attorneys Eyes Only designations.  Particularly in light of the access Plaintiff counsel has to Weider personnel files, this modification is ill-advised.

Finally, the last requested modification is already in effect.  A party claiming protection for information has the burden of showing protection is warranted.  "Once the designation has been challenged, it is the burden of the designating party to justify the need for enforcement of the protective order in accordance with its terms."[29]

## Motion to Compel Additional Depositions

Plaintiff seeks to take depositions in addition to the ten already taken.[30]  Plaintiff wants to take the depositions of five persons Weider has identified as potential witnesses: Mike Shirley, John Davis, Digna Novoa, Laura Berg, and Gerald Forsdick.[31]  In addition, Plaintiff desires to take the deposition of Dave Tew, identified by Weider as a person who may support Plaintiff's

---

[27]Supporting Memorandum at 74.

[28]*Id*.

[29]*Team Play, Inc. v. Boyer*, No. 03 C 7240,  2005 WL 256476, 1 (N.D. Ill. January 31, 2005)(unpublished decision). *See also Barclaysamerican Corp. v. Kane,* 746 F.2d 653, 656 (10th Cir. 1984).

[30]Memorandum in Opposition at 9.

[31]Reply Memorandum at 8.

claims.[32] These are traditional discovery depositions. It is only fair that Plaintiff should be able to depose these individuals.

In addition, Plaintiff seeks to take several depositions to perpetuate testimony. These persons "are out of state or . . . could become unavailable."[33] These include "Alma Lorenzana who lives in Florida, Brett Underwood who lives in California, Misty Kosiba who because of economics might possibly relocate and be hard to find, and Mike Duncan who lives in Ogden and is looking for permanent work that may take him outside of Utah."[34] The essential nature of these depositions is evident.

Finally, Plaintiff seeks to depose persons who she claims may have information but who allegedly "will not voluntarily consent to an interview, or [may] live out of state and have critical testimony  All of them have had role in the events pertinent to Martha's allegations. Some are current employees of Weider."[35] This is all that is specifically stated as to these 21 persons.[36] To be sure, Plaintiff provided a 67 page "Summary of Plaintiff's Allegations" in which

---

[32] *Id*.

[33] *Id*. at 9.

[34] *Id*.

[35] *Id*. at 9. This statement in the Reply Memorandum is stronger than the allegation in the Supporting Memorandum at 78 that "[t]hese individuals are believed to have either taken part in or to be aware of the sexual harassment against Plaintiff."

[36] Arturo Coronado, Eduardo Correa, Lucinda Davidson, Maximo Dueñas, Santiago Figueroa, Raida Godoy, Graciela Gonzalez, Bill Griesbacher, Ernesto Guevara, Doras Islas, Fernando Islas # 1 , Fernando Islas #2 and Fernando Islas Sr., the Sanchez family (Beatriz, Fernando and Karla), Richard Marin, Carlos Medina, Sergio Ponciano, James Wheeler and James Williams. James Wheeler is mentioned in the Reply Memorandum at 9 but not in the Supporting Memorandum at 78. Tom Elitharp is mentioned in the Supporting Memorandum at 78 but not in the Reply Memorandum at 9.

these persons are named but it is not the duty of the court to parse through an unpermitted[37] over-length document[38] in an attempt to find support for Plaintiff's conclusory statement of necessity. Plaintiff will not be permitted to take these depositions at this time, except for the depositions of Fernando Sanchez who is alleged to have been Plaintiff's supervisor and Fernando Islas #1 who is alleged to have committed overt acts in Plaintiff's presence.[39]

## Motion in Limine

Plaintiff also moves for an order permitting introduction of evidence beyond the 300 day statute of limitations. A plaintiff must bring a charge of discrimination under Title VII with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the alleged acts giving rise to the claims.[40] Acts of discrimination that occurred outside the 300-day period are time-barred.[41] The continuing violation doctrine, however, allows untimely events to serve as a basis for a hostile work environment claim so long as certain requirements are satisfied. The parties apparently agree that Plaintiff filed her EEOC claim October 16, 2003, and that December 30, 2002 was 300 days prior.[42] They disagree, however, whether the expansive history provided by Plaintiff, reaching back to late summer 1997, is part of the same hostile environment.

---

[37]*See* DUCivR 7-1(b)(3).

[38]Plaintiff received permission for her overlength 37 page Reply Memorandum (docket no. 62, filed December 22, 2005) but not for the 85 page Supporting Memorandum.

[39]Reply Memorandum at 13 and 17.

[40]42 U.S.C. § 2000e-5(e)(l).

[41]*Nat'l R.R. Passenger Corp. v. Morgan,* 536 *U.S.* 101, 113 (2002).

[42]Supporting Memorandum at 82.

The Tenth Circuit has provided clear guidance for analysis of a plaintiff's assertion that acts prior to the 300 day period are part of the same hostile environment occurring within the filing period.

> [W]hen analyzing a hostile work environment claim spanning longer than 300 days "[a] court's task is to determine whether the acts about which an employee complains are part of the same actionable hostile work environment practice, and if so, whether any act falls within the statutory time period." [T]here must be a relationship between acts alleged after the beginning of the filing period and the acts alleged before the filing period . . . . [A]series of alleged events comprises the same hostile environment where "the pre- and post-limitations period incidents involve[d] the same type of employment actions, occurred relatively frequently, and were perpetrated by the same managers."[43]

At this stage, Plaintiff has simply failed to perform the required analysis of the "type of these acts, the frequency of the acts, and the perpetrator of the acts."[44]  The temporal relation is also important.  Rather than perform this analysis, Plaintiff has presented the court with a chronological recounting, of excessive length, inflated by considerable irrelevant information.  The Supporting Memorandum of 84 pages contains 66 pages of verbatim excerpts from a voluminous affidavit of Plaintiff, and only 5 pages of analysis of this issue.  Where Plaintiff seeks to bring such a broad scope of evidence before the court, it is Plaintiff's responsibility to perform a careful, articulate and focused analysis rather than leave the court to sift through an enormous volume of unfiltered, lay, narrative testimony.

The Reply Memorandum quadruples the pages devoted to discussion of this topic, but is not substantively better.  It also omits the proper analysis discussed below.  The Reply

---

[43]*Duncan v. Manager, Dept. of Safety, City and County of Denver,* 397 F.3d 1300, 1308-09 (10th Cir. 2005)(citations to *Nat'l RR Passenger Corp. v. Morgan,* 536 U.S. 101, 117 (2002) omitted).

[44]*Id.* at 1309.

Memorandum also refers to additional affidavits – and there are many in the record – and deposition excerpts, none of which were discussed in the Supporting Memorandum.  The Local Rules, however, require that "[a] reply memorandum must be limited to rebuttal of matters raised in the memorandum opposing the motion . . . ."[45]  Therefore, Plaintiff's approach in the Reply Memorandum is also improper.

Plaintiff should have begun "by examining the acts in the filing period,"[46] specifying the type, frequency, and perpetrator.  That is the beginning point.  Without this careful foundation, the recounting of events prior to the filing period is entirely useless.

Plaintiff should then have continued "by determining what acts outside of the filing period are related [to the acts in the filing period] by type, frequency, and perpetrator."[47]  Everything *outside* the filing period must specifically relate to *timely* events to be part of a continuous hostile environment.

Plaintiff has failed to provide the required analysis and cannot, on this record, be permitted to introduce evidence of events outside the 300 day period.  This motion is not denied on the merits of Plaintiff's position, because the merits of her position have not been presented.  It may be that closer to trial, Plaintiff will be able to make the connection necessary to allow introduction of some evidence of events outside the 300 day period.  Plaintiff has considerable

---

[45] DUCivR 7-01(b)(3).

[46] *Id*.

[47] *Id*.

documented evidence that should be carefully examined, but Plaintiff has not yet presented a proper analysis.

## ORDER REGARDING PLAINTIFF'S MOTIONS[48]

IT IS HEREBY ORDERED that the motion to compel production of the personnel files is GRANTED IN PART, in that Weider shall permit Plaintiff's counsel to review and request copies of specific documents from the personnel files of all persons Weider intends to call as a witness in this matter, and of Brett Underwood, Denise Tuckett, Dave Welch, Craig Jensen, Bill Griesbacher, Bev Jacoway, Alms Lorenzo, Gerry Forsdick, John Davis, Lucinda Robinson, Karen Allen, Mike Duncan, Ted Rock, Fernando Islas (One and Two), Engelbert, Angel Islas, Glafira, Daniel Godoy, Fernando Sanchez, and Irma Estrada. Weider may designate requested documents for protection under the Protective Order. If Weider objects to providing any requested copies, the copies in dispute shall be delivered to the magistrate judge for in camera review, with a joint submission separately stating *as to each document* Plaintiff's justification for the request and Weider's objection.

IT IS FURTHER ORDERED that the motion for modification of protective order is GRANTED IN PART in that the Protective Order[49] is amended to add a new Paragraph 5A:

> 5A.   A document designated "Confidential" or "Attorneys Eyes Only" may be disclosed to the author, custodian, or recipient of the document if the individual agrees to abide by the terms of the Protective Order, provided that if such a document is used in a

---

[48] Motion to Compel Discovery, Conduct Additional Depositions, Limit a Protective Order and Motion in Limine, docket no. 42, filed October 20, 2005.

[49] Docket no. 28, filed September 19, 2005.

deposition, that portion of the deposition must be designated as having the same level of protection as the document used.

IT IS FURTHER ORDERED that Plaintiff may take the discovery depositions of Mike Shirley, John Davis, Digna Novoa, Laura Berg, Gerald Forsdick, Dave Tew, Fernando Sanchez, and Fernando Islas #1 and may take depositions to perpetuate testimony of Alma Lorenzana, Brett Underwood, Misty Kosiba and Mike Duncan.

IT IS HEREBY ORDERED that Plaintiff's motion in limine to permit introduction of evidence beyond the 300 day statute of limitations is DENIED without prejudice.

## ORDER AMENDING SCHEDULE

IT IS FURTHER ORDERED that the deadline for fact discovery[50] is extended to February 10, 2006.

December 28, 2005.

BY THE COURT:

/s/David Nuffer
David Nuffer
U.S. Magistrate Judge

---

[50] Docket no. 39, filed October 13, 2005.